UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOEL CORWIN,

      Plaintiff,

                                      Case No. 1:25-cv-00469-PLM-RSK

v

                                       Hon. Paul L. Maloney

KALAMAZOO VALLEY COMMUNITY
COLLEGE,

      Defendant.

_____/

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for August 1, 2025, at 10:00 a.m. via teleconference, before the Hon. Paul L. Maloney.

Appearing for the parties as counsel will be:

**Jesse L. Young/Jenna H. Nakkash**, attorneys for the Plaintiff, Noel Corwin.

**Leigh M. Schultz/Saniya Khare**, attorneys for the Defendant, Kalamazoo Valley Community College.

1.      <u>Jurisdiction</u>.  The basis for the Court's jurisdiction is:  The Court has original jurisdiction over Counts III and IV of the Complaint under 28 U.S.C. §1331 (federal question) because they raise claims under 29 U.S.C. §§ 2601–2654 (The Family Medical Leave Act or "FMLA"). Plaintiff alleges that the Court has supplemental jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) because the claims relate to the issues and facts alleged in Counts III and IV.  It is the Defendant's position that supplemental jurisdiction is a matter of discretion for the Court.

2.      <u>Jury or Non-Jury</u>.  This case is to be tried **before a jury**.

3.      <u>Judicial Availability</u>.  The parties **do not agree** to have a United States Magistrate Judge conduct all further proceedings in the case, including trial, and to order the entry of final judgment.

4.      Statement of the Case.

**Plaintiff:**   As more fully explained in Plaintiff's Complaint (ECF No. 1), Defendant violated the Michigan Whistleblowers' Protection Act, Michigan Public Policy, and the Family Medical Leave Act in connection with his employment termination.

**Defendant** Plaintiff Noel Corwin is a former employee of Defendant Kalamazoo Valley Community College ("KVCC"). Corwin held the position of Program Coordinator in the Continuing Education and Community Culinary Department. Plaintiff alleges that his employment termination was retaliatory and unlawful, asserting four counts: violation of the Michigan Whistleblowers' Protection Act, wrongful discharge in violation of Michigan public policy, and two counts under the Family Medical Leave Act (interference and retaliation). Specifically, Plaintiff claims he was subjected to a hostile work environment and ultimately terminated for raising concerns about food safety violations and for taking FMLA leave. Defendant KVCC denies all of Plaintiff's allegations, including all allegations of retaliation or unlawful conduct. KVCC asserts that Plaintiff was terminated solely for legitimate, non-discriminatory, non-retaliatory reasons, including persistent performance deficiencies, failure to adhere to attendance and call-in procedures, and lack of improvement following a formal performance improvement plan. KVCC contends that Plaintiff's job duties involved minimal interaction with food safety or equipment. KVCC further argues that Plaintiff's separation was unrelated to any alleged protected activity and was consistent with disciplinary practices applied to other employees.

5.      Prospects of Settlement.  The status of settlement negotiations is:  Plaintiff is in the process of submitting a settlement demand to Defendant, however, no settlement discussions have taken place as of the date of this filing.

6.      Pendent State Claims.  The case does include pendent state claims. They are Count I: Violation of the Michigan Whistleblowers' Protection Act (WPA), MCL § 15.361 et seq., and Count II: Wrongful Discharge in Violation of Michigan Public Policy. Defendant submits that it is within the Court's discretion to determine whether to exercise supplemental jurisdiction over the state claims.

7.      Joinder of Parties and Amendment of Pleadings.  The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **September 19, 2025**.

8.      Disclosures and Exchanges.

a.      Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise.  The parties propose the following schedule for Rule 26(a)(1) disclosures:  **September 5, 2025.**

b.      The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es), if any, by **January 9, 2026**. Defendant expects to be able to furnish the names of defendant's expert witness(es), if any, by **February 9, 2026**.

2

c.      It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2).  Reports, if required, should be exchanged according to the following schedule:

Plaintiff:  February 9, 2026

Defendant:  March 9, 2026

d.      The parties have agreed to make available the following documents without the need of a formal request for production:

The parties are unable to agree on voluntary production at this time.

9.     <u>Discovery</u>.  The parties believe that all discovery proceedings can be completed by **March 16, 2026**.  The parties recommend the following discovery plan:

| EVENT | DEADLINE |
|---|---|
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) | September 5, 2025 |
| Expert Witness List - Plaintiff | January 9, 2026 |
| Expert Witness List – Defendant | February 9, 2026 |
| Expert Witness Report - Plaintiff | February 9, 2026 |
| Expert Witness Report – Defendant | March 9, 2026 |
| Discovery – Fact and Expert | March 16, 2026 |
| Dispositive Motions | April 16, 2026 |
| Early Settlement Conference (before District Judge) | TBD by Court (suggested: January 2026) |
| All other Motions Including *Motions in Limine* | May 15, 2026 |
| Settlement Conference (before District Judge) | TBD by Court for a date after the close of discovery |
| Joint Final Pretrial Order | Six weeks before the final pretrial conference |

| Final Pretrial Conference | TBD by the Court |
| --- | --- |
| Trial | Monday two weeks following the pretrial conference OR TBD by the Court |

10.     Disclosure or Discovery of Electronically Stored Information:  The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows:  At this time, the Parties do not foresee issues relating to the disclosure or discovery of electronically stored information. To the extent that electronic discovery is sought, the Parties may submit all discovery responses in electronic format. The Parties reserve the right to make production of ESI in pdf format or native format for excel documents. The Parties may request the return of all previously furnished documents or ESI that has been designated Confidential, including any copies thereof, and each person or party to whom such Confidential information has been furnished or produced shall be obligated to return it within thirty (30) days of said request. Provided however, counsel for the parties may retain their complete file, including any Confidential information, pleadings, motion papers, deposition transcripts in a secure location.

11.     Assertion of Claims of Privilege or Work-Product Immunity After Production.  The Parties anticipate submitting a protective order regarding the discovery of confidential information for the Court's approval and will abide by the Court's requirements concerning protective orders. Pursuant to FRE 502 (d) and (e), the Parties agree to protection of privileged and otherwise protected Documents against claims of waiver and intend to include appropriate provisions concerning such protection in a protective order.

12.     Motions.  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiff:   None at this time.

Defendant:   Defendant anticipates filing a motion for summary judgment following the close of discovery.

The parties anticipate that all dispositive motions will be filed by **April 16, 2026**.

13.     Alternative Dispute Resolution.  In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

4

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:  The parties are open to private mediation following the close of discovery.

14.     <u>Length of Trial</u>:  Counsel estimate that trial will last approximately 5 (five) days total days, allocated as follows:  2.5 (two and a half days for Plaintiff's case); 2.5 (two and a half) days for Defendant's case.

15.     <u>Electronic Document Filing System</u>.  Counsel for Plaintiffs and Defendant will comply with the electronic filing requirements.

16.     <u>Other</u>.  None.

DATED:  <u>July 25, 2025</u>

<table>
<tr><td><i>/s/ Jenna H. Nakkash (w/ consent 7-25-25)</i><br>Jenna H. Nakkash (P84645)<br>Sommers Schwartz, P.C.<br>One Towne Square, Suite 1700<br>Southfield, MI  48076<br>248-355-0300<br>jnakkash@sommerspc.com</td><td><i>/s/ Leigh M. Schultz</i><br>Leigh M. Schultz (P71038)<br>Miller Johnson<br>100 W. Michigan Avenue, Suite 200<br>Kalamazoo, MI  49007<br>269-226-2983<br>schultzl@millerjohnson.com<br><br>Saniya Khare (P83020)<br>Miller Johnson<br>500 Woodward Avenue, Suite 2800<br>Detroit, MI  48226<br>313-435-2420<br>khares@millerjohnson.com</td></tr>
</table>

MJ_DMS 39499742v1