**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NOEL CORWIN,

        Plaintiff,

v.                                                                Case No.  1:25-cv-00469

                                              Hon. Paul L. Maloney

KALAMAZOO VALLEY
COMMUNITY COLLEGE,

        Defendant.

| | |
|---|---|
| Jesse L. Young (P72614) | Leigh M. Schultz (P71038) |
| Sommers Schwartz, P.C. | Saniya Khare (P83020) |
| 141 E. Michigan Avenue, Suite 600 | Miller Johnson |
| Kalamazoo, MI  49007 | 100 W. Michigan Avenue, Suite 200 |
| 269-250-7500 | Kalamazoo, MI  49007 |
| jyoung@sommerspc.com | 269-226-2983 |
| | 313-435-2420 |
| | schultzl@millerjohnson.com |
| | khares@millerjohnson.com |

## <u>STIPULATED PROTECTIVE ORDER</u>

The parties agree that discovery proceedings in this case may involve documents and testimony containing information that is subject to the protection of the Court under Fed. R. Civ. P. 26(c). The above-captioned parties (each a "Party") stipulate and agree that the following protective provisions shall govern the handling of testimony, information, and documents produced or received by the parties:

1.    <u>Confidential Information.</u>

a.     Scope.  This Protective Order shall apply to all information produced by a party in this case that is marked "CONFIDENTIAL."

b.     Designation. Each party shall have the right to designate as confidential and subject to this Protective Order any information, document, or portion of any document that is (a) subject to restrictions on disclosure under privacy laws governing health, patient, participant, or employee information, (b) subject to 45 C.F.R. Section 164.501 (protected health information), or (c) the producing party reasonably believes to contain information that is confidential. Material that may be designated as confidential may include, but not necessarily be limited to, employee information, personnel records, compensation information, employee benefit information, financial and tax information, medical records, medical information, company policies or procedures, proprietary or sensitive information, trade secrets, or confidential research or development information. This designation shall be made in good faith. This designation shall be made by stamping each page of a document containing Confidential Information with the legend "CONFIDENTIAL" at or before the time the document is produced ("Confidential Information"). Any party may designate deposition testimony as confidential, in which case each applicable page of the transcript shall be identified as and marked "CONFIDENTIAL."

c.     Inadvertent Production. In the event that a party inadvertently produces Confidential Information without the "CONFIDENTIAL" legend, the producing party shall, promptly upon discovery of the inadvertent production, (i) provide a receiving party with written notice that the Confidential Information is designated "CONFIDENTIAL" under this Protective Order, and (ii) provide a receiving party with replacement copies of the Confidential Information marked "CONFIDENTIAL." Such post-production designation shall be effective as of the date of the original production, and the receiving party shall thereafter treat the material as Confidential Information in accordance with this Protective Order and make reasonable efforts to retrieve any copies disclosed prior to receiving such notice.

d.     Privileged or Protected Information Clawback. The inadvertent production of information subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity

shall not constitute a waiver of such privilege or protection in this or any other proceeding. Upon written notice of inadvertent production, the receiving party shall promptly return, sequester, or destroy the identified material and shall comply with Fed. R. Civ. P. 26(b)(5)(B). This Order is entered pursuant to Federal Rule of Evidence 502(d).

2.    <u>Restrictions on Confidential Information.</u>

   a.    <u>Purposes</u>. Confidential Information shall be used only for the limited purpose of preparing for and conducting this action (including any appeals) and not for any other purpose.

   b.    <u>Recipients</u>. Confidential Information may be disclosed only to the following:

      i.    Named parties and counsel of record for a party to this action, including attorneys, paralegals, clerks, and other employees respective law firms of counsel of record;

      ii.    Consultants, investigators, experts, and their respective staffs, who have been retained by a party to provide expert or opinion testimony or to assist in the preparation for trial or other proceedings in this case;

      iii.    Vendors engaged by any party to assist in copying, organizing, filing, translating, converting, storing, retrieving, computer coding of documents or data, or designing programs for handling documents or data;

      iv.    Court reporters retained to record or transcribe deposition testimony taken in this case;

      v.    Witnesses, only to the extent relevant of her or his potential testimony in this case;

      vi.    Persons shown on the face of a document to have authored or received it;

      vii.    Any person whom the parties agree, in advance and in writing, may receive such discovery materials; and

viii.   The Court, pursuant to the terms of below Paragraphs 4 and 5.

3.    <u>Notice to Recipients of Confidential Information.</u> Any       party       or representative of a party who provides Confidential Information to a person identified in above 2(b)(ii), (iii), or (v)-(vii) shall:

   a.    Notify that person that the Confidential Information is being disclosed to her or him under the terms of the Protective Order, and that the Confidential Information may not be disclosed other than as authorized by the terms of this Protective Order;

   b.    Require that person to return all Confidential Information that is disclosed to her or him.

4.    <u>Filing Under Seal.</u> This Protective Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or further order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion to file under seal. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this Paragraph. If a motion to seal is granted, then the documents, testimony, and information designated as "Confidential" pursuant to this Protective Order that are submitted to the Court Clerk as part of a motion or other paper shall be filed under seal pursuant to W. D. Mich. LR 10.6. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

5.    <u>Notice to Designating Party.</u> In the event that any party wishes to file Confidential Information with the Court, the filing party shall, provide reasonable notice, notify the designating party of the filing party's intent to file Confidential Information, so that the designating party is afforded the opportunity to apply to the Court for an order prohibiting or restricting the filing or to move the Court to file the document under seal.

6.    <u>Contesting Designations.</u> Should any Party object to a designation of any information, documents, testimony, or things as "CONFIDENTIAL," the Parties shall meet and confer within three business days in a good faith attempt to reach an agreement regarding the status of such information, documents, testimony, or things. Any Party that, after the meet-and-confer, wishes to challenge the designation of any information, document, thing, or testimony as

4

"CONFIDENTIAL" may do so at any time by way of motion to this Court. The Party who designated the material as "CONFIDENTIAL" shall have the burden of justifying the reasonability of its confidentiality designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

7. This Protective Order is without prejudice to the right of the parties to oppose the admissibility of any Confidential Information produced on the grounds of lack of relevancy, privilege, or other legal reason.

8. Within 60 days after termination of this case by final judicial decision or otherwise, including expiration of all appeals, any party that has obtained Confidential Information from another party shall destroy that information. In addition, where a party has disclosed Confidential Information of another party under Paragraph 2(b)(ii), (iii), (v), or (vii), that party shall seek the return of, and then destroy, such Confidential Information. The foregoing requirements will not apply to Confidential Information that is contained in pleadings or that has been filed with the Court. Notwithstanding the foregoing, outside counsel may retain archival copies of pleadings, motion papers, transcripts, correspondence, and attorney work product.

9. This Protective Order does not preclude any party from seeking further relief or order from the Court, or from seeking to modify this Protective Order, as may be appropriate under the Federal Rules of Civil Procedure. Furthermore, all parties retain the right to file a motion with the Court regarding the declassification of information that has been designated as "CONFIDENTIAL" by any other party.

DATE:  April 17, 2026                    /s/ Ray Kent
                                         RAY KENT
                                         United States Magistrate Judge

5

APPROVED AS TO FORM AND CONTENT:

Date:  April 15, 2026

/s/ *Jesse L. Young* (w/permission)

Jesse L. Young (P72614)
Sommers Schwartz, P.C.
Attorney for Plaintiff

/s/ *Saniya Khare*

Leigh M. Schultz (P71038)
Saniya Khare (P83020)
Attorneys for Defendant

6

MJ_ND 4907-9498-5887v1